[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10278
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80376-CV-KLR

FIDELITY AND CASUALTY COMPANY OF NEW YORK,

Plaintiff-Appellee,

versus

TAMMY ROBERTS, as Personal
Representative for the Estate of
Christina Hernandez, deceased,
BOMBARDIER, INC.,

Defendants,

ELIZABETH FAGO,
JOEY FAGO,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

In its order of December 15, 2003, the district court granted appellee insurance company summary judgment, concluding that it had no duty to defend appellants, its insureds, in the wrongful death action brought by the personal representative of the estate of Christina Hernandez (the "underlying action").[1] The court based this conclusion on an unambiguous exclusion (in the insurance policy at issue) for bodily injury arising out of the ownership, use, occupancy, renting, loaning, entrusting, loading or unloading of a personal watercraft owned by a covered person, to-wit: appellants. The court also concluded that appellee has no duty to indemnify appellants for any damages that may be assessed against them in the wrongful death action.

Appellants challenge the court's ruling. They contend that appellee has a duty to defend because some of the allegations of their third amended complaint fall within the policy's coverage (and not the exclusion). They also contend that the court acted prematurely when it held that appellee has no duty to indemnify. We find no merit in appellants' first contention; it lacks merit for the reasons stated by the district court in its December 15 order. This holding effectively

---

[1] Hernandez met her death while operating a personal watercraft.

disposes of appellants' second contention.

**AFFIRMED.**